[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-15715
Non-Argument Calendar

----------------------------------------

BIA No. A98-940-103

LUIS JAVIER VICUNA VICUNA,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(September 19, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Luis Javier Vicuna Vicuna, a native and citizen of Ecuador, petitions for

review of the affirmance by the Board of Immigration Appeals ("BIA") of the

decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] No reversible error has been shown; we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. An IJ's factual determination that an alien is unentitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality, and who is unable or unwilling to avail himself of the protection of that country, "because of persecution or a well-founded fear of persecution on account of" a protected ground, including membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1),

---

[1] Vicuna has abandoned his claim for CAT relief. Therefore, we will not address this claim. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

2

(b)(1). An alien establishes a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason to fear that he will be singled out for persecution on account of [a protected ground]." Al Najjar, 257 F.3d at 1287 (internal quotation omitted). An alien also may sustain his burden of proof without showing that he would be singled out for persecution if he establishes (1) a pattern or practice in his home country of persecution of a group of similarly situated persons on account of a protected ground and (2) his inclusion in and identification with the group. 8 C.F.R. § 208.13(b)(2)(iii). But an alien does not have a well-founded fear of persecution if he could avoid persecution by relocating to another part of his country of nationality and it would be reasonable for the alien to do so. 8 C.F.R. § 208.13(b)(2)(ii); Mazariegos, 241 F.3d at 1327 ("As a matter of immigration policy, a government may expect that an asylum seeker be unable to obtain protection anywhere in his own country before he seeks the protection of another country."). In addition, we have explained that persecution is an "extreme concept"; and "mere harassment does not amount to persecution." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation omitted).

In his asylum application, Vicuna asserted that he lived in Biblian, Ecuador and that he is homosexual. Vicuna contended that, after a rumor was spread in

Biblian that he was homosexual, he was detained by local police for three hours and during this detention, he was beaten and forced to clean cells. The police did not charge Vicuna with a crime. Vicuna also claimed that, a few months later, he was walking home from a sports event when the police again stopped him. According to Vicuna, the police asked him if he was "prostituting" himself and kicked him. Vicuna then escaped from the police. The IJ concluded that the harassment Vicuna claimed to have experienced did not rise to the level of persecution and that Vicuna failed to offer corroborating evidence to support his claim. The IJ also determined that Vicuna failed to establish a well-founded fear of future persecution throughout Ecuador. The BIA affirmed these conclusions and explained that Vicuna did not show a pattern or practice of persecution against homosexuals in Ecuador or that he could not safely relocate within Ecuador.

On appeal, Vicuna argues that he presented corroborating evidence showing that he could not resettle in Ecuador because of his homosexuality and that persons similarly situated to him have been persecuted in Ecuador.[2] Substantial evidence supports the determination that Vicuna failed to meet his burden of

---

[2] In his initial brief, Vicuna did not argue that he had suffered past persecution; so this argument is abandoned. See Al Najjar, 257 F.3d at 1282 n.12. And even if Vicuna had not abandoned this claim, the record would not compel us to reverse the IJ's conclusion that Vicuna failed to demonstrate past persecution. See Sepulveda, 401 F.3d at 1231.

establishing a well-founded fear of future persecution in Ecuador. Although Vicuna provided documentary evidence that homosexuals can be mistreated in Ecuador, Vicuna admitted that he did not try to relocate to another part of Ecuador before he left for the United States. Vicuna has not demonstrated that he could not avoid persecution by relocating within Ecuador; and he also has failed to show a pattern or practice of persecution against homosexuals throughout Ecuador. Therefore, Vicuna has not established eligibility for asylum relief; and he cannot meet the more stringent burden for withholding of removal. Zheng v. U.S. Attorney Gen., 451 F.3d 1287, 1292 (11th Cir. 2006). We deny the petition.

**PETITION DENIED.**